UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CENOBIO H. HERRERA, SR.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF FCI LOMPOC,<br><br>　　　　Respondent. | Case No. 2:23-cv-01162-DSF-JDE<br><br>AMENDED ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On February 14, 2023, the Court received from Petitioner Cenobio H. Herrera, Sr. (Lanz) ("Petitioner"), a federal prisoner at the Federal Correctional Institution in Lompoc, California, proceeding pro se and without paying the required filing fee or seeking leave to proceed in forma pauperis, a one-page "Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241," seeking an order directing the Federal Bureau of Prisons ("BOP") to "Apply My First Step Act Credits ("FSA"), Elderly Offender Credit, And Good Time Credits ("GTC")." Dkt. 1 ("First Petition"). Petitioner was previously deemed a

vexatious litigant, and by prior order, is required to obtain a court order or written authorization to proceed with certain actions. See United States v. Herrera, et al., Case No. 2:02-cr-00531-RSWL (C.D. Cal.) ("Underlying Action"), Dkt. 447. The Petition has been referred to the undersigned magistrate judge for preliminary review and consideration.

On February 21, 2023, the Court issued an Order to Show Cause Why the First Petition should not be dismissed, directing Petitioner to respond in writing within 21 days. Dkt. 4 ("First Order"). Separately, on February 15, 2023, the Court received a nearly identical version of the First Petition, with the name "Brian Birkholz" added after "Warden of FCI Lompoc" on the caption as Respondent, a new notation "Emergency Under Necessity" in the title,"[Nunc Pro Tunc]" added below the date, and two pages of largely illegible attachments, although the document was not added to the docket until February 23, 2023. Dkt. 5 ("Petition" or "Pet."). The Court interprets the filing at Dkt. 5 as Petitioner's intended operative Petition and the Court treats it as the operative Petition. As such, with Dkt. 5 as Petitioner's operative Petition, the Court vacates the First Order, but instead replaces it with this Order.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under § 2254); Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss a Section 2241 petition). Accordingly, pursuant to Rule 4 of the Habeas Rules, the Court is required to "promptly examine" the Petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court "must dismiss the petition."

The undersigned has reviewed the Petition under Rule 4 of the Habeas Rules and finds the Petition is subject to dismissal for the reasons explained below.

## II.
## PROCEDURAL HISTORY

In March 2003, following a jury trial, Petitioner was convicted of conspiracy to aid and abet manufacturing of methamphetamine and to possess pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(C)(2), and 18 U.S.C. § 2; two counts of possession of pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2); conspiracy to money launder, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1), and 1957; and several counts of laundering of monetary instruments, aiding and abetting, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2. Underlying Action, Dkt. 130, 133, 182-183.[1] In December 2003, Petitioner was sentenced to 360 months of incarceration. Pet. at 1; Underlying Action, Dkt. 182-183. Petitioner appealed the judgment, which was affirmed in part and remanded in part by the Ninth Circuit Court of Appeals on January 23, 2007. United States v. Herrera, Case No. 04-50000 (9th Cir.), Dkt. 92. A petition for rehearing was denied on February 26, 2007. Id., Dkt. 100.

On August 28, 2009, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. Underlying Action, Dkt. 341. On

---

[1] The Court takes judicial notice of the relevant federal records available electronically. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

October 16, 2009, Petitioner voluntarily dismissed this motion, entered by the district court on December 23, 2009. Id., Dkt. 362, 372. Petitioner filed a second motion under Section 2255 on December 20, 2011, which was denied on January 17, 2013. Id., Dkt. 403, 412.

In July 2011, Petitioner filed a Section 2241 petition, which was dismissed because his claims were not cognizable in a federal habeas petition. See Herrera, Sr. v. Sanders, Case No. 2:11-cv-06196-RSWL-MAN (C.D. Cal.), Dkt. 1, 3-4. Less than a month later, Petitioner filed another habeas petition under Section 2241 challenging a restitution order. Herrera, Sr. v. Sanders, Case No. 2:11-cv-06486-RSWL-MAN (C.D. Cal.), Dkt. 1. That petition was dismissed with prejudice on October 1, 2012. Id., Dkt. 15. A third habeas petition under Section 2241 was "essentially a re-hash" of his first habeas petition and dismissed without prejudice on February 8, 2012. See Herrera, Sr. v. Sanders, 2:12-cv-00976-JSL-MAN (C.D. Cal.), Dkt. 1, 3, 4.

Meanwhile, on October 10, 2013, Petitioner was declared a vexatious litigant, with the District Judge finding Petitioner had an "extensive history of frivolous litigation" in the Underlying Action, raising "patently meritless positions." Underlying Action, Dkt. 447 ("Vexatious Litigant Order") at 6, 10, 13-14. Under the Vexatious Litigant Order, Petitioner is prohibited from filing documents that:

> (1) contest the jurisdiction of this Court over his conviction, (2) is a non-motion or contract-style filing such as, but not limited to, a Notice, Covenant, Warrant, Offer of Proof, Conditional Acceptance, Waiver of Tort, Presentment, Letter, Claim for Damage or Injury, or similar filings which reference tort claims, non-corporate status, debtors, interpleaders, damages, property claims, chattel, contracts, agents, principals, or rescission, or (3) without obtaining the prior approval of the Ninth Circuit Court of

Appeals, request relief which would be appropriately addressed pursuant to 28 U.S.C. § 2255.

Vexatious Litigant Order at 13-14. On July 28, 2014, the Ninth Circuit affirmed the Vexatious Litigant Order. Underlying Action, Dkt. 454.

Since that time, Petitioner has continued to seek release. For instance, on April 22, 2019, Petitioner filed a request for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act of 2018 and Amendment 782 to the Sentencing Guidelines. Underlying Action, Dkt. 486. On July 29, 2019, the district court denied the motion pursuant to the First Step Act (id., Dkt. 492), and denied the motion as to Amendment 782 on October 10, 2019. Id., Dkt. 502. On January 23, 2020, Petitioner filed another motion to reduce sentence pursuant to Section 3582(c), which was denied on April 24, 2020. Id., Dkt. 511, 536. Petitioner, through counsel, filed a renewed motion for compassionate release on May 18, 2020, which was denied on August 10, 2020. Id., Dkt. 546, 557. That decision was affirmed by the Ninth Circuit on June 29, 2021. Id., Dkt. 562. On March 4, 2022, Petitioner filed another motion to reduce sentence pursuant to the First Step Act and 18 U.S.C. § 3585, which was denied on May 9, 2022. Id., Dkt. 570, 582. On October 12, 2022, Petitioner filed another motion for reduction of sentence in the Underlying Action, which was denied on February 7, 2023. Id., Dkt. 595, 617.

On October 21, 2022, Petitioner filed another habeas petition under 28 U.S.C. § 2241, seeking release on home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, and asserting alleged failures to comply with an injunction in another action and inadequate medical care, which was dismissed on January 18, 2023. See Herrera, Sr. v. Birkholz, Case No. 2:22-cv-07784-RSWL-JDE (C.D. Cal.), Dkt. 10 (Report and Recommendation of Assigned Magistrate Judge recommending dismissal), Dkt. 11 (Order Accepting Report and Recommendation, dismissing action),

Dkt. 12 (Judgment of Dismissal). Petitioner also recently had a civil rights complaint dismissed. Herrera, Sr. v. US Attorney California-Central, Case No. 2:22-cv-04245-GW-AGR (C.D. Cal.), Dkt. 18 (Order of Dismissal dated January 19, 2023).

As noted, the Court received the instant Petition on February 14, 2023.

### III.
### SUMMARY OF THE PETITION

In the one-page Petition, Petitioner appear to argue that the BOP wrongfully denied him certain credits toward early release under the First Step Act, the "Elderly Offender Credit" and "Good Time Credits" due to Petitioner having been found to be a "leader/organizer of criminal activity," which Petitioner asserts, is a "made up policy of the BOP as [the First Step Act], Elderly Offender Credit and the [Good Time Credits] has no such rule within the statutes." Pet. at 1. Petitioner also argues that the BOP is "reneging in accepting [his] officially given documents from the Department of Defense" which, Petitioner argues, recognize that he is a United States citizen as a result of his military service in combat, and asks the Court to "recognize" his status. In conclusion, Petitioner asks the Court to order the BOP "to apply [his] [First Step Act], Elder Offender Credits, [his] [Good Time Credits] as statutorily required, and the fact that the Department of Defense granted [his] full citizenship of the United States which [he] earned back in the year 1966, as was done officially." Id.

### IV.
### DISCUSSION

A petition for writ of habeas corpus may lie under 28 U.S.C. § 2241(c)(3), subject to other limitations, if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Here, Petitioner does not challenge the lawfulness of his underlying conviction or

sentence. Rather, Petitioner asks the Court to order the BOP to "apply" certain credits to which Petitioner contends he is entitled. The Petition appears to suffer from at least two defects.

    First, Petitioner has not clearly set forth the grounds that plausibly suggest entitlement to relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of error and show the relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

    Here, the Petition asserts the BOP erroneously denied Petitioner certain benefits under three alleged statutory or administrative schemes, that is, the First Step Act, Elder Offender Credit, and Good Time Credits, based on the BOP's finding that Petitioner was an organizer or leader in his underlying criminal conduct. But Petitioner does not describe the applicable programs, the alleged denials of relief, or any proceedings that led to the alleged wrongful denials of benefits. Indeed, to the extent Petitioner is seeking relief under the First Step Act's elderly offender reunification provision, as Petitioner has been repeatedly advised, 34 U.S.C. § 60541(g) grants the Attorney General, not the courts, discretion to release eligible elderly offenders, and as such, the Court cannot grant relief under this statute. See, e.g., United States v. Herrera, 2022 WL 1488033, at *2 (C.D. Cal. May 9, 2022) (explaining that "this statute does not empower the Court to release [Petitioner] as an elderly offender"); United

States v. Herrera, 2019 WL 3428835, at *1 (C.D. Cal. July 29, 2019) (explaining that "the Court is not in a position to adjust his sentence or the method of his imprisonment since the 'statute merely grants the Attorney General discretion to release eligible elderly offenders'"). Petitioner also claims the BOP "reneg[ed] in accepting [his] officially given documents from the Department of Defense, attached as exhibits, whereby [he is] fully recognized as a United States citizen . . . ." However, the attachments are largely illegible and Petitioner provides no explanation how this has "prevent[ed]" him from receiving "the appropriate earned benefits." The one-page Petition is wholly conclusory and vague as to the bases for the alleged claims. As such, the Petition is subject to dismissal.

Second, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under [28 U.S.C.] § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Exhaustion aids "judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). As the requirement is not a "jurisdictional prerequisite," courts have discretion to waive the requirement in Section 2241 cases. Ward, 678 F.3d at 1045 (citation omitted); Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). Courts may waive the requirement where administrative remedies are inadequate or not efficacious, pursuit would be futile, irreparable injury will result, or the administrative proceedings would be void. See Ward, 678 F.3d at 1045; Laing, 370 F.3d at 1000.

Here, it appears from the face of the Petition that Petitioner has failed to

exhaust his administrative remedies as he argues that the exhaustion requirement is "no longer . . . a jurisdictional requirement in a 2241 proceeding." Pet. at 1. As set forth above, the Court agrees that exhaustion is not a jurisdictional prerequisite; nonetheless, the Court sees no reason to excuse exhaustion here as Petitioner does not allege that such remedies are inadequate or that requiring pursuit of administrative remedies would futile, cause irreparable injury, or would be void. See Ward, 678 F.3d at 1045; Laing, 370 F.3d at 1000. To the contrary, judicial review of Petitioner's claims, based on three different administrative and/or statutory schemes (the First Step Act, the "Elderly Offender Credit," and BOP Good Time Credits), would be aided "by allowing the appropriate development of a factual record in an expert forum; [would] conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and [would] allow the administrative agency an opportunity to correct errors in the course of administrative proceedings." Ruviwat, 701 F.2d at 845. Other than noting exhaustion is not a jurisdictional prerequisite, Petitioner does not provide an explanation as to why the exhaustion requirement should be waived in this case. His cursory argument that "it is a BOP policy that Unit Team has said I cannot change, hence, administrative remedies is not available and no forms were given to me to grieve this policy" (Pet. at 1) lacks specific factual support and as such, is insufficient to demonstrate exhaustion would be futile here. Therefore, the Petition is subject to dismissal for failure to exhaust administrative remedies.

## V.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than twenty-one (21) days from the date of this Order**, why this action should not be dismissed

under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends he has exhausted his administrative remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims and attach copies of any documents establishing that his claims are indeed exhausted. If Petitioner claims exhaustion of his administrative remedies should be waived, he shall set forth in detail the facts supporting this contention.

If, after review of this Order, Petitioner should decide not to further pursue this action at this time, Petitioner may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). <u>The Clerk is directed to send Petitioner a Central District Request for Dismissal form</u>.

Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: February 23, 2023

/s/ John D. Early
JOHN D. EARLY
United States Magistrate Judge